O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY BUTLER, | ) | CASE NO. CV 09-07028 JSL (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| K. HARRINGTON, Warden, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on September 28, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On October 28, 2005, a Los Angeles County Superior Court jury convicted Petitioner of attempted murder. He was sentenced to 25 years to life imprisonment. Pet. ¶ 2.

(b) Petitioner appealed, but the California Court of Appeal affirmed on June 23, 2006. The California Supreme Court denied further direct review on September 13, 2006. Pet. ¶¶ 3, 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after December 13, 2006, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d) Over eight months passed after the conviction became final. On August 16, 2007, Petitioner began a series of state habeas corpus petitions, in the trial court, California Court of Appeal and California Supreme Court, respectively. The state high court rejected his last such petition on July 9, 2008. Pet. ¶ 6.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. Eight months of Petitioner's 12-month AEDPA limitations period had passed before he filed his trial-court habeas petition on August 17, 2007. The pendency of state-habeas proceedings tolled the limitations period, until after the California Supreme Court denied his final state habeas petition on July 9, 2008. Thereafter the period began to run again, with four months remaining. Yet Petitioner did not file this action until more than a year later. It appears

1 that Petitioner's last day to file his petition within the AEDPA period was early in
2 November 2008. He is nearly 11 months late.

3 No basis appears in the petition for a later AEDPA-limitations-period starting
4 date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace*
5 *v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable
6 tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his
7 rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted*
8 *in Harris, supra*, 515 F.3d at 1054-55.

9 This Court may raise *sua sponte* the question of the statute of limitations bar,
10 so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260
11 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should
12 not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file
13 his response to the Court's Order to Show Cause not later than 21 days from the filing date
14 of this Order.

15 If Petitioner does not file a response within the time allowed, the action may
16 be dismissed for failure to timely file, and for failure to prosecute.

17 IT IS SO ORDERED.

19 DATED: October 1, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE